**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IMPLUS FOOTCARE, LLC
Plaintiff,

v. Civil Action No. ____________

MAPEWRA LLC
Defendant.

___________________________________

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Implus Footcare, LLC ("Implus") by and through its undersigned counsel, complains of defendant MAPEWRA LLC's ("Defendant") misconduct and alleges as follows:

**NATURE OF THIS ACTION**

1. Implus seeks preliminary and permanent injunctive relief and monetary damages for Defendant's counterfeiting, infringement, false advertising, and unfair competition, under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), as well as unfair and deceptive business practices under Florida law, arising from Defendant's infringing resale of counterfeit Implus products through online marketplaces such as Amazon.com.

2. In short, Defendant advertises and sells various Implus products on the Internet.

3. The Implus products that Defendant advertises and sells are counterfeit Implus products.

4. To confirm the nature of Defendant's products, Implus conducted multiple test purchases from Defendant's online storefront in or around May 2025.

5. Upon inspection and comparison to authentic Implus products, Implus determined that the items received were counterfeit instead of authentic Implus products.

6. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Implus.

7. As a result of Defendant's actions, Implus is suffering a loss of the enormous goodwill that it has created and is losing profits from lost product sales. This lawsuit seeks preliminary and permanent injunctive relief and damages for Defendant's infringement, false advertising, unfair competition, and unfair and deceptive business practices.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

9. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over Defendant because Defendant is a Florida limited liability company with its principal place of business in Florida and is therefore subject to general jurisdiction in this District. In addition, Defendant sells products within the United States, the State of Florida, and this District; misrepresents the nature of products it sells to residents of the United States, the State of Florida, and this District; has caused injury to Implus in the United States, the State of Florida, and this District; practices the unlawful conduct complained of herein, in part, within the United States, the State of Florida, and this District; regularly conducts or solicits business within the United States, the State of Florida, and this District; and regularly and systematically directs electronic activity into the United States, the State of Florida, and this District with the manifest intent of engaging in business within the United States, the State of Florida, and this District, including the sale and/or offer for sale of Implus products to Internet users within the United States, the State of Florida, and this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District and some of Defendant's wrongful acts described herein occurred in this District.

## PARTIES

12. Plaintiff Implus Footcare, LLC is a Delaware limited liability company with its principal place of business in Durham, North Carolina. Implus is a leading designer, manufacturer, and distributor of branded performance socks and related footwear accessories sold in the United States and internationally.

13. Defendant MAPEWRA LLC is a Florida limited liability company with its principal place of business located at 7901 4th N Ste. 17545, Saint Petersburg, Florida, 33702. Defendant advertises and sells various products online including but not limited to Amazon.com (Amazon ID AXEKQ2BCZJTF4).

## FACTS GIVING RISE TO THIS ACTION

14. This action seeks redress for Defendant's coordinated, deliberate, and unlawful infringement, counterfeit, false advertising, unfair competition, and unfair and deceptive practices regarding the Implus products that it advertises and sells.

### A. Implus Manufactures High-Quality Products and Achieves High Customer Satisfaction Ratings

15. Implus is recognized as a designer, manufacturer, and distributor of branded performance socks and related footwear accessories.

16. Implus is known for maintaining quality-control standards across its product lines.

17. As part of its commitment to quality, Implus has detailed product specifications and inspection protocols to ensure that products sold under its brands meet Implus's design and performance standards.

18. Implus's reputation for quality is reflected in strong customer satisfaction, which depends on Implus's ability to control the nature, quality, and presentation of products.

19. Implus sells its products through authorized distribution channels, including through its website, https://www.implus.com/, and brand-specific websites, including https://www.balega.com/.

20. Through its authorized channels, Implus ensures that products are accurately marketed, including with respect to condition, authenticity, and quality, so that consumers receive genuine Implus products consistent with Implus's standards.

**B. Implus's Registered Trademarks**

21. Implus is the owner of a variety of trademarks, including, but not limited to, BALEGA® (Reg. Nos. 3865942 and 5306937) (the "Trademarks").

22. The Trademarks are world famous and distinguish Implus Products.

23. The Trademarks are valid, subsisting, in full force and effect, have been registered for more than five years and are incontestable as provided by Section 1065 of the Lanham Act.

24. Each year Implus spends significant amounts to develop and maintain the considerable goodwill it enjoys in the Trademarks and in their reputation for high quality.

C. **Defendant's Infringing Resale of Implus Products**

25. Defendant is a direct competitor of Implus in the market for performance socks and footwear products. Defendant has advertised and sold products bearing Implus's trademarks (the "Implus Products").

26. The Implus Products Defendant advertises and sells are counterfeit goods.

27. To investigate Defendant's conduct, Implus conducted multiple test purchases of purported Implus Products from Defendant's Amazon storefront in or around May 2025, confirming that Defendant was selling counterfeit products.

28. Upon receipt, inspection, and comparison to authentic Implus products, Implus determined that the items purchased from Defendant—specifically performance socks—were counterfeit rather than authentic Implus products.

29. The counterfeit products differed from authentic Implus products in many respects.

30. The products sold by Defendant nonetheless included Implus's trademarks.

31. Accordingly, Defendant is selling counterfeit Implus Products.

**D. <u>Impact on Consumers and Implus</u>**

32. Consumers expect that the Implus Products they purchase from Defendant will be the products as advertised. Instead, they receive counterfeit Implus Products.

33. Purchasers of Implus Products from Defendant are likely to be, and have actually been, misled and deceived by Defendant's infringement and literally false product listings and advertisements.

34. For example, one customer, Jenna Jarosinski, posted a one-star review on Amazon.com stating:

> "These are rougher and thinner than normal Balega socks-- and fall down much more easily. I suspect that they are knock offs. Do not recommend."
>
> By Jenna Jarosinski on February 4, 2025.

35. Consumers expect Defendant's advertisements for the Implus Products it sells to be accurate and base their purchasing decisions in large part on those representations. That is, consumers pay a higher price for an Implus Product purchased from Defendant because they want to purchase a genuine, Implus product, not a counterfeit product.

36. Consumers who purchase Implus products from Defendant believing them to be genuine are misled and confused when they instead receive counterfeit products.

37. After having a poor experience with a counterfeit Implus Product purchased from Defendant (which the consumer believed was genuine), the consumer is less likely to purchase another Implus Product in the future.

38. Consumers who purchase Implus Products from Defendant believing them to be genuine and not knowing that they are actually counterfeit, blame Implus for the confusion as to the condition of the product.

39. Defendant's misconduct is damaging to Implus's reputation and goodwill and is damaging to the consuming public.

40. By advertising the counterfeit Implus Products it sells as genuine, Defendant is intentionally attempting to entice consumers to purchase Implus Products from Defendant instead of purchasing genuine products from Implus.

41. The natural, probable, and foreseeable result of Defendant's wrongful conduct described above has been to cause confusion, deception, and mistake in the market, to deprive Implus of business and to tarnish its goodwill, to injure Implus's relationship with existing and prospective customers, and to divert sales of Implus Products.

42. Therefore, Defendant's continued infringement and false advertisement of Implus Products has harmed and continues to harm Implus, its consumers, and Implus's relationship with consumers.

43. Defendant's infringement and false advertisement of Implus Products to consumers results in actual and irreparable harm to Implus and consumers.

44. Defendant's actions substantially harm Implus and its consumers, who ultimately purchase Implus Products from Defendant reasonably believing them to be genuine Implus products.

45. As a result of Defendant's actions, Implus is suffering a loss of the enormous goodwill it has created in the Trademarks. Implus is also suffering ongoing actual damages in the form of lost sales.

46. Defendant is likely to continue the acts complained of herein, and unless restrained and enjoined, will continue to do so, causing Implus and consumers irreparable harm.

**COUNT I**

**Trademark Infringement / Counterfeiting - 15 U.S.C. § 1114**

47. Implus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48. Implus is the owner of exclusive rights to the Trademarks. Defendant's counterfeiting, importation, manufacture, advertisement, display, promotion, marketing, offer for sale, sale, and/or distribution of the Implus Products is likely to cause confusion or to cause mistake or to deceive the relevant

public and trade regarding the affiliation, sponsorship, endorsement or approval of Defendant's Implus Products by Implus.

49. Defendant has used and continues to use in commerce unauthorized reproductions, copies, and/or colorable imitations of the Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of the Implus Products, which uses are likely to cause confusion, mistake and/or deception among consumers.

50. Defendant is therefore liable for infringement of the Trademarks pursuant to 15 U.S.C. § 1114.

51. Given the misconduct described above, Defendant acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Implus enjoys in connection therewith, with intent to confuse, mislead and deceive the public.

52. Defendant's use of reproductions, copies, and/or colorable imitations of the Trademarks, without Implus's consent or authorization, was and continues to be intentional and willful within the meaning of 15 U.S.C. § 1114 and § 1117.

53. Implus has suffered and continues to suffer irreparable harm and damages as a result of Defendant's acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.

54. In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Plaintiff will require an accounting from each Defendant of all monies generated from the importation, manufacture, distribution, and/or sale of the Defendant's products as alleged herein.

55. In the alternative, Implus may elect to recover up to $2,000,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(c) for each Trademark counterfeited from each Defendant.

56. Defendant's conduct has injured Implus in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Implus, for which Implus has no adequate remedy at law. As such, Implus seeks injunctive relief pursuant to 15 U.S.C. § 1116, as well as actual damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a), and their reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a).

57. Further, because Defendant's infringing conduct has been and continues to be willful, Implus is entitled to an enhanced damages award pursuant to 15 U.S.C. § 1117(a).

## COUNT II

**False Advertising / Unfair Competition - 15 U.S.C. § 1125(a)**

58. Implus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain literally false or misleading statements of fact regarding the Implus Products sold by it. These advertisements contain actual misstatements and/or misleading statements, including that the Implus Products Defendant sells are genuine when, in fact, they are counterfeit.

60. These literally false statements actually deceive, or have a tendency to deceive, a substantial segment of Implus's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Implus's customers.

61. Defendant's conduct is unfair competition and false and misleading advertising, which injures both consumers and Implus.

62. Defendant's conduct violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

63. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Implus for which there is

no adequate remedy at law. As such, Implus is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements from the Internet, including but not limited to Amazon.com.

64. As a direct result of Defendant's unfair and deceptive trade practices, customers seeking genuine Implus Products did not purchase them from Implus (or its authorized dealers) and instead unknowingly purchased counterfeit product from Defendant. Therefore, the demand for Implus Products created by Implus was not fulfilled by the purchase of an Implus Product. This results in lost revenue and actual damages to Implus.

65. Pursuant to 15 U.S.C. § 1117, Implus is entitled to recover from Defendant the damages sustained by Implus as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

66. Pursuant to 15 U.S.C. § 1117, Implus is also entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts. Implus is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

67. Pursuant to 15 U.S.C. § 1117, Implus is further entitled to recover the costs of this action. Moreover, Implus is informed and believes that Defendant's

conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Implus to recover additional damages and reasonable attorneys' fees.

## <u>COUNT III</u>

### Violation of FDUTPA - Fla. Stat. §§ 501.201-.213

68. Implus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

69. Defendant's past and continued infringement, false advertising and intent to deceive and defraud the public into believing that the Implus Products it sells are genuine, when in fact they are counterfeit, constitutes an unfair and deceptive act or practice in the conduct of trade or commerce in violation of FDUTPA.

70. Defendant's advertisement of the Implus Products it sells as genuine is likely to (and actually does) deceive consumers.

71. Defendant's infringement, false advertisement and sale of counterfeit Implus Products has proximately caused Implus to suffer actual damages in lost sales and has also proximately caused Implus to suffer harm to its goodwill and reputation, because consumers who purchase Implus Products from Defendant believing them to be genuine are disappointed with Implus when the product purchased does not meet their expectations.

72. As a direct result of Defendant's unfair and deceptive trade practices, customers seeking genuine Implus Products did not purchase them from Implus (or its authorized dealers) and instead unknowingly purchased counterfeit product from Defendant. Therefore, the demand for Implus Products created by Implus was not fulfilled by the purchase of an Implus Product. This results in lost revenue and actual damages to Implus.

73. As a direct result of Defendant's unfair and deceptive trade practices, Implus has been injured and damaged, and is entitled to injunctive relief, actual damages, costs, and attorneys' fees.

**WHEREFORE**, Plaintiff Implus Footcare, LLC prays for judgment in its favor and against Defendant providing the following relief:

1. For temporary, preliminary, and permanent injunctive relief prohibiting Defendant, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of Defendant, from:

   a. engaging in any infringement, counterfeiting, false or misleading advertising with respect to Implus's products, which relief includes but is not limited to removal of all of Defendant's listings for Implus Products from the Internet, including but not limited to: Amazon.com;

b. Advertising, selling, or taking any steps to sell, any Implus Products;

c. Engaging in any activity constituting unfair competition with Implus; and

d. Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2. For an order requiring Defendant to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of the Implus Products sold by it, including without limitation, the placement of corrective advertisement and providing written notice to the public to cure any residual impacts from Defendant's false advertising;

3. Adjudge Defendant to have violated 15 U.S.C. §§ 1114, 1125(a) and Fla. Stats. §§ 501.201-.213 (FDUTPA) by infringing upon the Trademarks, counterfeiting the Trademarks, and unfairly competing against Implus by using infringing, false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and characteristics of the Implus Products sold by it;

4. Award Implus its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

5. Award Implus statutory damages of $2,000,000.00 per mark pursuant to 15 U.S.C. § 1117(c);

6. Award Implus its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117 and Fla. Stats. §§ 501.201-.213;

7. Award Implus pre-judgment and post-judgment interest in the maximum amount allowed under the law;

8. Award Implus the costs incurred in bringing this action; and

9. Grant Implus such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Implus hereby requests a trial by jury on all causes of action so triable.

Respectfully submitted,

Miami, Florida
Dated: March 27, 2026

*/s/ Mallory M. Cooney*

Mallory M. Cooney
**Mallory M. Cooney**
Florida Bar No. 125659
mallory.cooney@klgates.com
**K&L GATES LLP**
200 S Biscayne Boulevard, Suite 3900
Miami, FL 33131
Telephone: (305) 539-3300

**Morgan T. Nickerson** (*pro hac vice application forthcoming*)
morgan.nickerson@klgates.com
**K&L GATES LLP**
1 Congress Street
Suite 2900
Boston, MA 02114
Telephone: 617.261.3100
Facsimile: 617.261.3175

*Attorneys for Plaintiff, Implus Footcare, LLC*